UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BMG MUSIC et al.

Plaintiffs,

v.

STUART SPRINGER,

Defendant.

Case No. CA 05 03 473 T

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

COME NOW Plaintiffs BMG Music, Warner Bros. Records Inc., Sony BMG Music Entertainment, Arista Records LLC, and Interscope Records ("Plaintiffs") and respectfully request that the Court deny Defendant Stuart Springer's ("Defendant") motion for more definite statement.

## BACKGROUND

Plaintiffs are major recording companies who own copyrights in sound recordings. Collectively, they face a massive problem of digital piracy over the Internet. Every month, copyright infringers unlawfully disseminate billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks. *See BMG Music et al., v. Gonzalez*, 2005 WL 3336532, at *3 (7th Cir. 2005) (stating that illegally downloading music is akin to shoplifting the actual compact disc); Lev Grossman, *It's All Free*, Time, May 5, 2003. A P2P network is an online media distribution system that allows users to transform their computers into interactive Internet sites, disseminating files for other users to copy. The most infamous P2P network was the Napster system, which was enjoined by a federal court. *See*

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001). Other P2P networks have, however, arisen in Napster's wake, and the Supreme Court has held that these P2P networks are liable for the infringement of Plaintiffs' copyrighted works. *See, e.g., Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 125 S. Ct. 2764 (2005). As a direct result of piracy on P2P networks, Plaintiffs have sustained and continue to sustain substantial financial losses. *See Gonzalez*, 2005 WL 3336532, at *2 (noting that, "Music downloaded for free from the Internet is a close substitute for purchased music; many people are bound to keep the downloaded files without buying the originals."). Downloads from peer-to-peer networks compete with licensed broadcasts and hence undermine the income available to authors. *Id* at *2.

P2P users who disseminate (upload) and copy (download) copyrighted material violate the Copyright Act. *See Grokster* at 2770-72 (noting that users of peer to peer networks share copyrighted music and video files on an enormous scale and as such even the providers of those networks "concede infringement" by the individual users); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004). A copy downloaded, played, and retained on a hard drive for future use is a direct substitute for a purchased copy – and without the benefit of the license fee paid to the broadcaster. *See Gonzalez*, 2005 WL 3336532, at *1. Copyright infringement over P2P networks is widespread, however, largely because users can conceal their identities by means of an alias. Copyright owners can observe infringement occurring on P2P networks, but without assistance, they cannot identify the true names and locations of the infringers.

Defendant in this case is an active participant on a P2P network. As such, Defendant continually distributes copyrighted sound recordings stored on his computer to others and downloads copyrighted sound recordings from other users of the P2P network. Plaintiffs

discovered Defendant openly disseminating sound recordings whose copyrights are owned by Plaintiffs. By logging onto the P2P network, Plaintiffs viewed the files that Defendant was distributing to other users. On April 29, 2004, Plaintiffs' investigators located an individual with the username "CAMMTM66@fileshare" using a peer-to-peer network to engage in copyright infringement on a massive scale. This individual had 886 mp3 files on his computer and offered them freely for distribution to the millions of people who use similar peer-to-peer networks. On information and belief, this individual downloaded all or many of these 886 music files without the permission of the record company copyright owners.

The defendant in this case is a significant infringer: he has continuously chosen to disseminate from his computer hundreds of sound recordings whose copyrights are owned by various Plaintiffs. In conjunction with the complaint filed in this case, Plaintiffs listed a sample of the songs that Defendant was continually disseminating without authorization (*see* Exhibit A to the Complaint). Further, as alleged in the Complaint upon information and belief, each Defendant downloaded (reproduced) the sound recordings without the permission of the Plaintiffs. (*See* Complaint, ¶ 13.)

Plaintiffs' Complaint satisfies all of the requirements of notice pleading under Rule 8 of the Federal Rules of Civil Procedure: it states clearly what Plaintiffs allege Defendant did and what relief Plaintiffs seek. In particular, the Complaint states, "Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of

Plaintiffs' copyrights and exclusive rights under copyright." (*See* Complaint, ¶ 13.) Nonetheless, Defendant has filed a motion – without citation to any case law or discussion of any federal rule – asking the Court to order Plaintiffs to provide further detail in their Complaint. But Plaintiffs' allegations have been made in sufficient detail under Rule 8, and Defendant's motion should be denied.

## ARGUMENT

### I. PLAINTIFFS' COMPLAINT HAS PROPERLY PLED THE DATES OF INFRINGEMENT.

#### A. Legal Standards for a Motion for More Definite Statement

Given the liberal pleading standard set forth in Rule 8, motions for more definite statement made pursuant to Rule 12(e) are disfavored by federal courts. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Gibson v. Deep Delta Contractors, Inc.*, No. Civ. A. 97-3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000); *Guess?, Inc. v. Chang,* 912 F. Supp. 372, 381 (N.D. Ill. 1995); *Prudhomme v. Proctor & Gamble Co.*, 800 F. Supp. 390, 396 (E.D. La. 1992). A motion for more definite statement is "appropriate *only* when the pleading addressed is so vague it cannot be responded to." *Prudhomme*, 800 F. Supp. at 396 (emphasis added); *see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (denying motion for more definite statement and noting that "the Court has no doubt that Defendants will be able to frame a responsive pleading to Plaintiffs' First Amended Complaint"). That is certainly not the case here.

#### B. Plaintiffs' Complaint Complies with the Liberal Notice Pleading Policies of Rule 8.

Rule 8(a) requires, in pertinent part, that Plaintiffs' Complaint include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a

short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Put simply, a complaint in federal court must outline a violation and allege facts connecting the violation to the defendant. *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992). Indeed:

> [A]ll the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Conley v. Gibson*, 78 U.S. 99, 103 (1957).

Because Rule 8 requires only a "very basic 'notice pleading' which is offset by wide and liberal discovery rights," a party should normally turn to discovery for further information about the plaintiff's allegations. *Moore v. Fidelity Financial Serv. Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994); *see also Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp. 2d 22 (D. Mass. 2000) (rejecting motion for more definite statement, ruling that defendant could seek desired detail through discovery). Here, Defendant has several avenues to secure this information, including interrogatories, document requests, requests for admission, and depositions. There is no legitimate need to seek this information through Plaintiffs' Complaint. "A motion for more definite statement may not be used as a substitute for discovery." *Neagley v. Atascosa County EMS*, 2005 WL 354085, at *2 (W.D. Tex. Jan. 7, 2005) (denying motion and noting that "[d]iscovery will likely bear out whether Plaintiff's allegations have merit").

In *Neagley*, plaintiff claimed that defendant violated the Fair Labor Standards Act by requiring him to work as a "volunteer" and on-call hours without pay. *Neagley*, 2005 WL 354085, at *1. Defendant questioned plaintiff's use of the term "volunteer" in her complaint,

and defendant moved for a more definite statement to require plaintiff to detail the dates and times of his volunteer work. *Id.* at *2. The court denied the motion, noting that Rule 8 requires "only a short and plain statement in the plaintiff's complaint" and determining that plaintiff's complaint met that standard. *Id.* The court specifically noted that Rule 8 "does not require a plaintiff to detail in depth the specific dates, times, and description of the alleged injury. . . . There is nothing so vague about this allegation that Defendant cannot reasonably respond." *Id.* *See also Sagan v. Apple Comp., Inc.*, 974 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.").

Here, Plaintiffs have fully complied with Rule 8: they have alleged the jurisdiction of this Court (*see* Complaint, ¶ 2); that Plaintiffs own copyrights on the sound recordings at issue (*see* Complaint, ¶ 11); that each sound recording is properly registered (*see* Complaint, ¶ 11); that Defendant has used, and continues to use, on online media distribution system to download, distribute, and make available these sound recordings (*see* Complaint, ¶ 13); and they have set forth the relief they seek (*see* Complaint, ¶ 17). Plaintiffs also attached, as Exhibit A to their Complaint, a sample list of the songs that Defendant was disseminating without authorization (*see* Exhibit A to the Complaint), as well as a printout of Defendant's entire library of copyrighted sound recordings (*see* Exhibit B to the Complaint).

Plaintiffs have therefore placed Defendant on notice about (1) the grounds for jurisdiction in this case, (2) the nature of the claim and the details supporting it, and (3) the relief Plaintiffs seek, and he is perfectly capable of responding to the Complaint. Nonetheless, Defendant's motion demands that Plaintiffs further specify the time frame during which the copyright infringement took place. Notably, Defendant does not suggest that he cannot

otherwise respond adequately to the Complaint. And in any event, Plaintiffs have already alleged that as of November 17, 2005 – the date Plaintiffs filed the Complaint – "Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (*See* Complaint, ¶ 13.)

This allegation is sufficient. Indeed, many courts have held that an allegation of ongoing and continuous infringement satisfies the requirement that the Complaint specify the time period during which the subject copyright infringement occurred. For example, in *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991), the court considered a motion to dismiss a claim for copyright infringement for failure to state the time of infringement. The court held that by alleging continuous infringement, the plaintiff had sufficiently pleaded the time of infringement and, therefore, denied the motion to dismiss. *See id.* at 4 ("[W]hile plaintiff has not alleged the date defendants allegedly commenced their infringing activities, plaintiff has alleged that defendant continues to infringe."). *See also Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 266-67 (E.D.N.Y. 2004) (holding that plaintiff's allegation of continuing infringement was sufficient to give notice under Rule 8).[1]

Here, Plaintiffs have alleged an ongoing and continuous infringement by Defendant. Plaintiffs state in their Complaint filed on November 17, 2005:

> Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, *has used*, and *continues to use*, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public,

---

1 Indeed, by its very nature, copyright infringement occurring through online media distribution systems is ongoing and continuous. This is illustrated here by the massive number of music files (886) detected in Defendant's shared folder – files which, upon information and belief, were both downloaded and/or made available for distribution over an extended period of time. (*See* Complaint, Ex. B.)

> and/or to make the Copyrighted Recordings available for distribution to others.

(*See* Complaint, ¶ 13.) This language has been found to be adequate in parallel cases in which the court found that nearly identical complaints sufficiently alleged the time and date of infringement. *See Loud Records, LLC, et al. v. Does 1-74*, No. 04-CV-9881-RWS (S.D.N.Y. 2005) (Ex. A) ("The time of identification of Doe is determined to be the date of filing the complaint and thereafter."); *Elektra Entertainment Group, Inc., et al. v. Santangelo*, Case No. 05-CV-2414-CM (S.D.N.Y. 2005) (Ex. B) ("The Court finds that Plaintiffs have also satisfied the final requirement – that Plaintiffs identify by what acts and during what time defendant infringed the copyrights."). Additionally, similar arguments were also rejected in a parallel case in the Southern District of Texas, where a defendant moved to dismiss a similar complaint on nearly identical grounds to those set forth by Defendant in the current case. *See BMG Music, et al. v. Jacob Conklin*, No. H-05-1482 (S.D. Tex. 2005) (Exs. C-E).

Because Plaintiffs allege ongoing and continuous infringement, they have fully complied with Rule 8 by showing the dates and times of the infringing acts in their Complaint. As a result, no further information need be provided, and Defendant's Motion for More Definite Statement should be denied.

## CONCLUSION

Plaintiffs' Complaint easily meets the fair notice standard of Rule 8, and Plaintiffs have properly specified the dates and times of Defendant's infringement. If Defendant has further questions about that infringement, the proper course of action is to serve discovery requests – not to ask Plaintiffs to provide more information through their Complaint. As a result, Plaintiffs respectfully ask this Court to deny Defendant's motion and for such relief as the Court deems just and equitable.

**DATED** this 29th day of December, 2005.

James E. O'Neil, Esq.
Attorney for Plaintiffs
Law Offices of James E. O'Neil
1130 Ten Rod Road, Suite A-103
North Kingstown, RI 02852
(401) 667-7111 Phone
(401) 667-7112 Fax
jameseoneil@justice.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 29th day of December, 2005 a true and accurate copy of Plaintiff's Response to Defendant's Motion for More Definite Statement was mailed first-class, postage prepaid to Ms. Mariah L. Sugden, Esq., 359 Thames, Suite 11, Newport, RI 02840.

James E. O'Neil, Esq.



1841337v2