United States Courts
Southern District of Texas
FILED
AUG 2 6 2005
Michael N. Milby, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS, L.L.C., a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and WARNER BROS. RECORDS, INC., a Delaware corporation,** | § | **Civil Action No. H-05-1482** |
| **Plaintiffs** | § | **PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| **V.** | § | |
| **JACOB CONKLIN,** | § | |
| **Defendant** | § | |

**DEFENDANT'S MOTION TO DISMISS UNDER RULES 8(a) AND 12(b)(6)**

Defendant Jacob Conklin responds to the complaint filed by Plaintiffs in this matter by filing a motion to dismiss under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

1. Jacob Conklin moves to dismiss the complaint filed against him in this matter because it fails to state a claim upon which relief can be granted and because it does not satisfy the pleading requirements applicable to copyright infringement claims. The complaint argues only that "plaintiffs are informed and believe" that Mr. Conklin "used, and continues to use an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." Plaintiffs' complaint at

paragraph 14. The complaint gives no further description of alleged acts of infringement or when any such alleged acts are supposed to have occurred.

2. Plaintiffs attached to their complaint two exhibits. Exhibit A, which bears Defendant's name in its title, includes a list of ten songs, the artists who recorded them, the alleged copyright owner, and the title of the album on which they were recorded. Exhibit B is a printout of seven pages' worth of computer screen shots. Each exhibit, the complaint alleges, includes the "Copyrighted Recordings" referred to elsewhere in the complaint. The distinction between those songs listed on Exhibit A and those contained in Exhibit B is not made clear by the complaint. See Plaintiffs' complaint generally, especially at paragraph 12.

3. A copyright infringement claim such as this one that does not describe the acts, dates, and times of alleged infringements does not satisfy the pleading requirements and must therefore be dismissed. Rule 8(a) requires that a complaint give "fair notice" of the claims against a Defendant. In copyright infringement cases, the rule requires that a Plaintiff "plead with specificity the acts by which a Defendant has committed copyright infringement." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000). Such a complaint "must set out the particular infringing acts … with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8." To withstand a motion to dismiss, a copyright infringement claim must allege the acts and "during what time the Defendant infringed the copyright." *Id.* at 230.

4. Other courts, including at least one Texas federal court, have required Plaintiffs alleging copyright infringement to include in their pleadings statements alleging "by what acts and during what time the Defendant has infringed the copyright." *Sefton v. Jew* 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001), citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Applying that standard, the Western District of Texas found that a statement alleging when any infringements occurred would be necessary to determine whether Plaintiffs' copyright infringement claim was valid in light of the three-year limitations governing actions under the Copyright Act. *Sefton* at 748.

5. Plaintiffs' complaint makes no attempt to describe the specific acts or dates and times of any alleged copyright infringement. Neither do the exhibits Plaintiffs attached to their complaint. For all of the above reasons, Plaintiffs' complaint must be dismissed.

Respectfully submitted,

Jacob Conklin

Jacob Conklin
503 Willow Wisp Circle
Spring, Texas 77388-6144
281-288-3766
Pro se

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to:

Kristi Belt
T. Lynne Eckels
Marni M. Otjen
Shook, Hardy & Bacon, L.L.P.
Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

by certified mail, return receipt requested, telefax, or hand delivery on the 25th day of August, 2005.

JACOB CONKLIN