IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BMG MUSIC; CAPITOL RECORDS, INC.; ARISTA RECORDS LLC; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and WARNER BROS. RECORDS INC. | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:05-CV-1482 |
| vs. | § | JUDGE SIM LAKE |
| JACOB CONKLIN | § | |
| Defendant. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS UNDER RULES 8(a) AND 12(b)(6)**

Plaintiffs ask the Court to deny Defendant's Motion to Dismiss Under Rules 8(a) and 12(b)(6).

## INTRODUCTION

On April 27, 2005, Plaintiffs filed suit against Defendant Jacob Conklin to seek redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act of 1976, 17 U.S.C. Section 101 *et seq.* Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings. Since the early 1990s, Plaintiffs and other copyright holders have faced a massive and exponentially expanding problem of digital piracy over the Internet. Today, copyright infringers use various online media distribution systems ("peer-to-peer" networks) to download (reproduce) and unlawfully disseminate (distribute) to others billions of perfect digital copies of Plaintiffs' copyrighted sound recordings each month. Indeed, the Supreme Court of the United States recently

characterized the magnitude of online piracy as "infringement on a gigantic scale." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.* 125 S. Ct. 2764, 2772 (2005).

Online media distribution systems are designed so that users can easily and anonymously connect with like-minded infringers.[1] A new user first downloads the necessary software from one of the peer-to-peer providers. Once the software is installed and launched, the user is connected to other users of the service—typically millions of people at a time—to search for, copy, and distribute copyrighted works stored on other users' computers. The software creates a "share" folder on each user's computer in which to store the files the user downloads from the service, which are then available for copying by other users. Moreover, to enable users to search the computers of complete strangers, the software scans the "share" folders of those connected to the network, extracts information from each user's files, and automatically creates indices of the sound recordings and other works available for copying and distribution.

To download a copyrighted work to his own computer, the user clicks on an entry from the list of search results. The service then automatically retrieves a perfect digital copy of the desired sound recording from the computer of one or more other users. In a short time, the copying user has a new and permanent audio copy that he or she can listen to or transfer to a digital device as often as desired. Each time a user makes an unauthorized copy, that copy immediately becomes available on the copying user's computer (and remains available on the computers of the users from whom the copy was made) to be copied and distributed further by others—resulting in an exponentially multiplying (or "viral") creation and redistribution of perfect digital copies.

1 For a description of how online media distribution systems are utilized to commit copyright infringement see *In re Aimster*, 334 F.3d at 646–47; and *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004,1011 (9th Cir. 2001).

Online infringement is decimating the recording industry. The Supreme Court recently characterized the magnitude of online piracy as "infringement on a gigantic scale." *Grokster*, 125 S. Ct. at 2782. Similarly, in a recently issued report, the Department of Justice concluded that online media distribution systems are "one of the greatest emerging threats to intellectual property ownership," estimated that "millions of users access P2P networks," and determined that "the vast majority" of those users "illegally distribute copyrighted materials through the networks." Report of the Department of Justice's Task Force on Intellectual Property, available at http://www.cybercrime.gov/IPTaskForceReport.pdf, at 39 (October 2004).

As a result of the rise of online media distribution systems, Plaintiffs have sustained and continue to sustain devastating financial losses. Plaintiffs' losses from the copyright infringement have also resulted in layoffs of thousands of employees in the music industry. Unfortunately, infringing users of peer-to-peer systems are often "disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement," rendering this serious problem even more difficult for copyright owners to combat. *Aimster*, 334 F.3d at 645.

On July 17, 2004, Plaintiffs' investigators located an individual with the username 123123@KaZaA using a peer-to-peer network to engage in copyright infringement on a massive scale. This individual had 523 music files on his computer and offered them freely for distribution to the millions of people who use similar peer-to-peer networks. On information and belief, this individual downloaded all or many of these 523 sound recordings without the permission of the record company copyright owners.

Plaintiffs' investigators further ascertained that the individual used Internet Protocol ("IP") address 24.175.100.30 to connect to the Internet. Accordingly, Plaintiffs filed a

"John Doe" Complaint against this individual and, after obtaining a court order, issued a subpoena to Time Warner Cable ("Time Warner") in order to determine who used the above-referenced IP address. Time Warner identified Jacob Conklin. On April 27, 2005, Plaintiffs filed a Complaint against Jacob Conklin ("Defendant") for copyright infringement.

Defendant has now moved to dismiss the Complaint. Notably, Defendant does not dispute his liability for copyright infringement. Nor does he dispute that Plaintiffs are entitled to bring suit against individuals disseminating copyrighted works over peer-to-peer ("P2P") networks. Indeed, there is no credible argument to the contrary. Uploading and downloading copyrighted works over a P2P network clearly violates federal law. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013–14 (9th Cir. 2001).[2]

Instead, Defendant argues only that Plaintiffs have failed to "state a claim upon which relief can be granted" and that the complaint "does not satisfy the pleading requirements applicable to copyright infringement claims." Motion at ¶ 1. But contrary to Defendant's contentions, Plaintiffs have fully and properly pleaded a claim for copyright infringement. Plaintiffs' Complaint easily satisfies Rule 8's requirement of a "short and plain statement" of the grounds for the claim asserted and the relief sought, and they have pleaded the proper elements for a claim for copyright infringement in this District. Defendant's Motion should be denied.

---

2 *See e.g.*, *In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003) ("swap[ping] computer files containing popular music . . . infringes copyright"); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) (same); *BMG Music v. Gonzalez*, 2005 WL 106592, 2005 Copr. L. Dec. P 28, 933 (N.D. Ill. January 7, 2005) ("Numerous courts have held that downloading music from the internet . . . constitutes 'direct infringement.'"); *Elektra Entertainment Group, Inc. v. Bryant*, 2004 WL 783123, at * 4 (C.D. Cal. Feb. 13, 2004) ("Plaintiffs allege that Defendant has used an online media distribution system to

## ARGUMENT AND AUTHORITIES

### 1. LEGAL STANDARDS FOR MOTION TO DISMISS

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must decide whether the facts alleged in the Complaint, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957) ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

In resolving a 12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to Plaintiffs; (2) accept all well-pleaded allegations as true; and (3) determine whether Plaintiffs can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996); *see also Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995) (noting that dismissal is only appropriate if plaintiffs could not recover under any set of facts that they could prove). Dismissal is reserved only "for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

### 2. PLAINTIFFS' COMPLAINT COMPLIES WITH THE LIBERAL NOTICE PLEADING POLICIES OF RULE 8

To state a claim of copyright infringement properly, Plaintiffs must allege only: (1) that they own valid copyrights; and (2) that Defendant violated one or more of the exclusive rights in 17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works.

---

download, meaning copy, Plaintiffs' copyrighted sound recordings and to distribute those recordings to other users of the system. These facts constitute direct copyright infringement.")

*See Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403 (5th Cir. 2004); *see also, e.g., Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); 4 M. & D. NIMMER, NIMMER ON COPYRIGHT § 13.01, at 13–5 & n.4 (2002) ("Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant.").

Moreover, Rule 8 (a) requires, in pertinent part, that Plaintiffs' Complaint include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Defendant suggests only that the Complaint is deficient with respect to the acts by which the copyrighted works were infringed and/or the time frame during which the infringement took place. These arguments are without merit, and the Court should deny the Motion to Dismiss.

1. Plaintiffs have adequately alleged the acts by which Defendant infringed the copyrighted works.

Defendant's assertion that "[a] copyright infringement claim such as this one that does not describe the acts, dates, and times of alleged infringements does not satisfy the pleading requirements and must therefore be dismissed" is simply incorrect. Motion at ¶ 3. In support of this contention, Defendant cites to *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000), for the proposition that Plaintiffs must "'plead with specificity the acts by which a Defendant has committed copyright infringement.'" *See id.* The acts that the *Marvullo*

Court instructed must be specifically pleaded are the acts "by which [the] defendant directly or contributorily violated plaintiff's copyright." *Marvullo*, 105 F. Supp. 2d at 230. Plaintiffs submit they have set forth the acts of infringement with far more than "some" specificity; their allegations are hardly the "[b]road, sweeping allegations of infringement" against which the *Marvullo* Court warned. *Id.* at 230.

At its heart, Defendant's argument ignores the plain language of Plaintiffs' Complaint, which states:

> Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

Complaint at ¶ 14. Plaintiffs have therefore alleged the specific acts by which copyright infringement took place: the reproduction and distribution of the copyrighted recordings using an online media distribution system. Moreover, in Exhibit B to the Complaint, Plaintiffs provided a comprehensive list of the works that Defendant has infringed. Notably, Plaintiffs are *not* required to allege each individual act of copyright infringement in their Complaint. *See Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 251 (S.D.N.Y. 2000) ("Plaintiff's Complaint narrows the infringing acts to the publication of the [copyrights at issue], and their illegal use in certain commercial products. . . . These allegations are sufficiently specific for the purposes of Rule 8, despite the fact that each individual infringement was not specified.").[3]

[3] Indeed, Plaintiffs could hardly be expected to do so: such infringement has been taking place for as long as the sound recordings have been available on Defendant's computer.

The actions described in Plaintiffs' Complaint unquestionably qualify as actionable copyright infringement. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003) ("transmitting a digital copy of [copyrighted] music . . . infringes copyright"); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate Plaintiffs' distribution rights."); *Hotaling v. Church Of Jesus Christ Of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997) (placing unauthorized copy of copyrighted work in library's collection, listing work in library's index or catalog system, and making work available to borrowing or browsing public was distribution of work within meaning of Copyright Act).

Defendant's citations to legal authority do not save his Motion. In *Marvullo*, plaintiff alleged that his photograph "was published by the Defendants beyond the scope and authority of the limited license" sold by plaintiff to defendants and that defendants "contributorily infringed said copyright by alternatively acquiring, publishing, using and placing upon the general market . . . a photographic image which was copied largely from plaintiff's copyrighted photographic image." *See Marvullo*, 105 F. Supp. 2d at 228–29. But the court found that plaintiff's allegations were far too "vague and conclusory" and held that "[a]side from the specific allegation that defendant . . . violated plaintiff's copyright by unauthorizedly cropping the . . . photograph, [plaintiff] fails to allege with specificity any acts by which either defendant directly or contributorily violated plaintiff's copyright." *Id.* at 230–31. Here, however, Plaintiffs have pleaded the precise acts "by which [the] defendant directly . . . violated plaintiff's copyright" by the reproduction and distribution of the copyrighted recordings using an online media distribution system.

Because Plaintiffs have more than adequately described the acts by which Defendant infringed Plaintiffs' copyrights, the Court should deny Defendant's Motion to Dismiss.

2. Plaintiffs have adequately alleged the time frame in which Defendant infringed the copyrighted works.

Plaintiffs also have adequately specified the time frame during which copyright infringement took place. Defendant cites to the decision in *Marvullo* to support his argument that the Complaint should be dismissed because it does not allege "'during what time the Defendant infringed the copyright.'" Motion at ¶ 3. That case and the current matter are inapposite, and thus *Marvullo* does not support the dismissal of Plaintiffs' Complaint.

Defendant similarly cites *Sefton v. Jew*, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001), citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), for the proposition that Plaintiffs must include in their pleadings "statements alleging 'by what acts and during what time the Defendant has infringed the copyright.'" Motion at ¶ 4. In that case the court considered an allegation of copyright infringement stemming from the purported publishing of copyrighted photographs. *Id.* at 737. Ultimately, the court in *Sefton* determined that an exhibit to the plaintiff's complaint that provided printed pages from a website showing portions of the photographs at issue and the date the pages were printed was sufficient to meet the requirement of establishing when the infringement took place. *Id.* at 748. And, in *Marvullo*, the court's decision does not mention any allegation of continuing infringement. In this case, however, Plaintiffs have alleged that as of April 27, 2005—the date Plaintiffs filed the Complaint—"Defendant . . . has used, and continues to use an online media distribution system to download the Copyrighted Recordings." Complaint at ¶ 14. Courts have previously recognized that an allegation of ongoing and continuous infringement satisfies the requirement that the Complaint

specify the time period during which the subject copyright infringement occurred. For example, in *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991), the court considered a motion to dismiss a copyright infringement count for failure to state the time of infringement. The court held that by alleging continuous infringement, plaintiff had sufficiently pleaded the time of infringement and, therefore, denied the motion to dismiss. *See id.* at 4. ("[W]hile plaintiff has not alleged the date defendants allegedly commenced their infringing activities, plaintiff has alleged that defendant continues to infringe."). Similarly, in *Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260 (E.D.N.Y. 2004), the court found that plaintiff's allegation that defendant "continues to infringe 'one or more' of [plaintiff's] copyrights by 'importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items'" was sufficient to give notice under Rule 8 "during which times the acts have allegedly taken place." *Id.* at 266–67.

Here, as in *Franklin* and *Home & Nature*, Plaintiffs have alleged an ongoing and continuous infringement by Defendant. Plaintiffs' Complaint therefore satisfies the requirement that it show the dates and times of the infringing acts.

## CONCLUSION

This is a simple and straightforward case of copyright infringement. Defendant's internet account was used to engage in massive copyright infringement. Now, in an effort to avoid liability for those wrongful acts, Defendant contends that the specific infringing acts and the date and time of the infringement do not appear in the Complaint and asks this Court to dismiss the entire lawsuit. But Defendant ignores the plain language of the Complaint—language that, construed in the light most favorable to Plaintiffs, easily satisfies Plaintiffs' burden of pleading.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion.

DATED: September 15, 2005

Respectfully submitted,

By: */s/ Kristi Belt*
Kristi Belt
Texas Bar No. 24026798
S.D. Texas Attorney No. 27449
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
E-mail Address: (kbelt@shb.com)

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

T. Lynne Eckels
Texas Bar No. 06397700
S.D. Texas Attorney No. 13696
E-mail Address: (teckels@shb.com)
Marni Magowan Otjen
Texas Bar No. 24046568
S.D. Texas Attorney No. 567838
E-mail Address: (motjen@shb.com)
SHOOK, HARDY & BACON L.L.P.
600 Travis Street, Suite 1600
Houston, Texas 77002-2911
Telephone: (713) 227-8008
Facsimile: (713) 227-9508

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS UNDER RULES 8(A) AND 12(B)(6)** was served this 15th day of September, 2005, via Certified Mail, Return Receipt Requested, addressed as follows:

Jacob Conklin
503 Willow Wisp Circle
Spring, Texas 77388-6144

*/s/ Kristi Belt*
Kristi Belt